IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| MICHAEL PUZEY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16-CV-300 |
| FRANK A. LARA | § | MG |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Michael Puzey, an inmate confined at USP McCreary, proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Mr. Puzey filed objections to the Report and Recommendation of United States Magistrate Judge. [Dkt. #17]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Mr. Puzey has filed multiple challenges to his conviction and subsequent incarceration based on his 2001 conviction in the Northern District of West Virginia. Mr. Puzey's initial appeal was denied by the Fourth Circuit in 2003 *See United States v. Puzey,* 73 Fed. App'x 549 (4th Cir. 2003). The Supreme Court denied Puzey's petition for a writ of certiorari in December of 2003. *See Puzey v. United States*, 540 U.S. 1093 (2003).

Shortly thereafter, Mr. Puzey filed his first motion for relief under § 2255 in the Northern District of West Virginia. That motion was denied and dismissed on the merits. *Puzey v. United States* 2005 WL 8141669 (N.D.W.VA. Oct. 24, 2005). Mr. Puzey appealed, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Puzey*, 178

F.App'x 304 (4th Cir. 2006). The Supreme Court denied Mr. Puzey's petition for writ of certiorari on the § 2255 claim. *See Puzey v. United States*, 549 U.S. 1033 (2006).

In 2014, Mr. Puzey brought a second motion to vacate, set aside or correct his sentence pursuant to § 2255. The district court denied his petition. *See Puzey v. United States*, 2014 WL 12516079 at *4 (N.D.W.VA June 16, 2014). The district court also denied Mr. Puzey a certificate of appealability, and his appeal was dismissed by the Fourth Circuit. *See United States v. Puzey* 585 F. App'x 203 (4th Cir. 2014). Mr. Puzey was transferred to FCC Allenwood in White Deer, Pennsylvania and as a result, when he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the district court in Pennsylvania transferred the petition back to the Northern District of West Virginia for consideration under 28 U.S.C. § 2255. *See Puzey v. Allenwood*, 2015 WL 7290007 at *1 (N.D.W. VA. Sept. 23, 2015). The district court in West Virginia dismissed this action because it lacked jurisdiction to consider yet another motion under § 2255 without an order from the Fourth Circuit Court of Appeals. The Fourth Circuit denied Mr. Puzey's request for rehearing. *See Puzey v. Allenwood* 667 F.App'x 56 (4th Cir. 2016). The Supreme Court denied Mr. Puzey's petition for a writ of certiorari. *See Puzey v. Allenwood* 137 S. Ct. 601 (2016).

After careful consideration of the objections, the court finds Mr Puzey's objections lacking in merit. Petitioner begins his Response with two objections that are unavailing. He first describes his receipt of the Report and Recommendation, asserting that "no postal mark was stamped on the mail envelope." He then argues, "that the court gains an [sic] tactical advantage over petitioner by denying petitioner his due relief stating that petitioner did not respond in a timely fashion." Alleging an imaginary error is not a valid objection. Mr. Puzey correctly notes that the Report and Recommendation is "addressed to a (Mr. Pedro Pete Luebano)."[Dkt. #19 P2]. This is in fact a typographical error in the Report and Recommendation, but neither he nor this court were misled into believing that the Report and Recommendation pertained to anybody other than Petitioner.

As outlined by the Magistrate Judge, Mr. Puzey has not met his burden in showing that § 2255 is inadequate to test the legality of his detention. [Dkt. #17 P3]. Mr. Puzey raised this exact

2

issue in his third § 2255 motion to vacate, set aside, or correct sentence in 2014. While Mr. Puzey alleges that he "never filed his *Watson* claim in a § 2255, but filed his initial *Watson* claim in a § 2241." [Dkt. #8 P2]. Mr. Puzey is mistaken. The district court in West Virginia considered and dismissed his *Watson* claim in that matter. *See Puzey v. Warden FCC Allenwood*, 2015 WL 7300549 at *4. The United States Court of Appeals for the Fourth Circuit held, "Puzey's reliance on *Watson v. United States* is also misplaced because, even if the holding applied to the facts of his case, *Watson* has not been made retroactive to cases on collateral review by the Supreme Court." [Dkt. #7 Exhibit C]. As Mr. Puzey has previously had an opportunity to challenge the legality of his detention, filing a subsequent § 2255 motion requires leave from the Fifth Circuit. That leave has not been granted. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Furthermore, as argued by Respondent, even if Mr. Puzey could meet the burden of the savings clause, *Watson* can be distinguished. In *Watson*, the defendant was charged with "use of a firearm, when he exchanged firearms for drugs. The jury was instructed that mere possession could constitute "use." The Supreme Court determined this was an improper instruction and reversed the conviction. But, Mr. Puzey was not charged with "use of a firearm" but rather, with "possession" of a firearm in furtherance of a drug trafficking crime. The Fourth Circuit Court of Appeals has addressed this distinction in *United States v. Robinson*. 627 F.3d 941. Robinson was convicted under both prongs of 18 U.S.C. § 924(c), "use or carry" and the "possession" prong. The Court held that even though the trial instructions may have been incorrect post *Watson*, Robinson was not prejudiced because he was charged under the "possession" prong. *Robinson*, 627 F.3d at 954.

Mr. Puzey does not contest that he possessed the firearms and exchanged them for drugs, and the government did not charge him with "use of a firearm." *Watson* simply does not apply to the facts of this case.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** **July 26, 2019.**

_____
Ron Clark, Senior District Judge